Colon Lavon Guthrie was convicted in 1989 of capital murder for the death of Rayford Howard, and he was sentenced to death. The evidence indicated that on February 25, 1988, Colon Lavon Guthrie and an accomplice robbed Howard's Store in St. Clair County. During the robbery, Guthrie killed Rayford Howard, the store's proprietor, by shooting him in the chest with a sawed-off shotgun. The Court of Criminal Appeals reversed Guthrie's conviction and sentence, because of improper arguments made by the State's prosecutor. Guthrie v. State,616 So.2d 914 (Ala.Crim.App. 1993) ("Guthrie I"). After a second trial, a jury again convicted Guthrie of capital murder, and he was again sentenced to death. On February 9, 1996, the Court of Criminal Appeals affirmed Guthrie's conviction, but remanded the case for a new sentencing hearing, holding that a presentence report considered by the trial court in its sentencing was insufficient. Guthrie v. State, 689 So.2d 935
(Ala.Crim.App. 1996) ("Guthrie II"). On return from remand, the Court of Criminal Appeals, on May 10, 1996, affirmed Guthrie's death sentence, with opinion ("Guthrie III"). This certiorari review follows that affirmance. A detailed review of the facts of this case may be found in Guthrie I and GuthrieII.
In his certiorari petition and brief, Guthrie argues that the trial court erred in allowing the jury to hear evidence of a collateral crime. The evidence at issue indicated that a robbery and a murder were committed in Colbert County that were similar to the robbery and murder of Howard and that that robbery and murder occurred within eight hours after Howard was murdered. Guthrie argued this issue before the Court of Criminal Appeals in both Guthrie I and Guthrie II. In GuthrieII, the Court of Criminal Appeals noted that Guthrie had previously argued this issue in Guthrie I, and, relying upon its reasoning in that case, it found no merit in Guthrie's argument.
We agree with the Court of Criminal Appeals that the trial court did not err in allowing the jury to hear this evidence. In its discussion of this issue in Guthrie I, the Court of Criminal Appeals thoroughly addressed the law of collateral evidence and its application to this case. The court noted that, in general, evidence of collateral crimes is not admissible, but that such evidence is admissible when it is relevant for any purpose other than showing the defendant's guilt " 'through the medium of bad character,' " quoting C. Gamble, McElroy's Alabama Evidence § 69.0[1](1) (3d ed. 1977). While finding that the State's evidence of the Colbert County crime did not "fit neatly within the identity exception to the general prohibition of collateral evidence," the court found the evidence admissible "because it was material and logically relevant to prove the identity of the person or persons who committed the instant murder-robbery." 616 So.2d at 922. The court found a " 'clear connection between the [Colbert County] offense and the one charged so that it may be logically inferred that if [the] defendant is guilty of one he must be guilty of the other.' " 616 So.2d at 923. (Citation omitted.) The court noted: *Page 953 
 "In this case, the evidence tended to show that both the Colbert County and the instant murder-robberies occurred on February 25, 1988, within eight hours of each other. The site of each crime was a small convenience store and gas station located near a small town. Both victims were killed by shotgun blasts. Both victims' bodies were found behind the counter at the stores. Both victims were apparently alone, except for their assailant or assailants, at the time of the murders. Currency (not coins) from the register and the victim's wallet was taken in each case. We recognize that these facts alone do not necessarily set the two crimes apart from other murders committed during the robbery of convenience store/gas stations. However, the facts in this case offer two distinctive 'marks' connecting the offenses — the participation of the codefendant Harvey Lee Windsor and the distinctive Ford Mustang that had been stolen from a convenience store near the trailer belonging to the appellant's sister two days before the murder-robberies. Moreover, the connection of these two offenses is firmly cemented by the constant intertwining of the two 'marks' on February 24 and throughout the afternoon and evening of February 25."
616 So.2d at 923-24.
The Court of Criminal Appeals noted that the testimony of several witnesses linked Guthrie, along with the codefendant Windsor and the Ford Mustang automobile, to both the Rayford Howard robbery-murder and the Colbert County robbery-murder. In the interest of brevity, that court's entire discussion of the collateral evidence issue will not be set out here. However, we hold that that court correctly found no error on this issue. The evidence of the Colbert County robbery-murder was probative as to the identity of the person who committed the robbery and murder of Rayford Howard, which was, as the Court of Criminal Appeals noted, the central issue of this case. The trial court properly allowed the jury to consider the evidence regarding the Colbert County crimes.
We also find no merit in Guthrie's contention that the imposition and affirmance of his death sentence violate Art. I, § 1, of the Alabama Constitution of 1901. That section states, in part, that "all men . . . are endowed by their Creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness." Guthrie maintains that that section guarantees an inalienable right to life and bars the imposition of the death sentence in his case. However, the right to life proclaimed in that section of the Constitution does not prohibit the State from establishing that certain criminal acts are so heinous as to warrant the forfeiture of the convicted defendant's life. We find no conflict between that section of the Constitution and the imposition of the death penalty in this case.
We have thoroughly reviewed the record before us in regard to all issues Guthrie has raised, and we have reviewed it for plain error not raised. We conclude that the Court of Criminal Appeals correctly ruled on the issues raised before that court. Furthermore, we have found no plain error. Therefore, the judgment of the Court of Criminal Appeals affirming Guthrie's conviction and sentence is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, BUTTS, and SEE, JJ., concur.